United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Darlene Causey, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-23765-Civ-Scola |
| | ) **In Admiralty** |
| Royal Caribbean Cruises, LTD., | ) |
| Defendant. | ) |

## Order Dismissing Complaint and Granting Motion for Leave to Proceed *In Forma Pauperis*

This matter is before the Court upon Plaintiff Darlene Causey's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Causey's motion to proceed without prepaying her fees or costs (**ECF No. 3**); however, the Court **dismisses** her complaint, **without prejudice**, for the reasons set forth below.

Causey's complaint, filed pro se, relates to a seven-day trip she took, in September 2019, aboard Defendant Royal Caribbean Cruises, LTD.'s *Liberty of the Seas*. (Compl., ECF No. 1.) Causey says that, while she was using the restroom near ship's Windjammer Cafe, the toilet she was sitting on broke off the wall, falling on top of her, "crushing the right side of her body[,] injuring her leg, ankle, knee[,] and hip." (*Id.* at ¶ 11.) Based on her injuries, she sets forth one count of negligence against Royal Caribbean, submitting the cruise line was negligent in failing to inspect and repair "weather caus[ed] damage to the metal surface and fixtures on the ship." (*Id.* at ¶ 19.) She explains further that according to "ASME standards, wall hung toilets should be inspected periodically for deterioration and corrosion as a safety precaution." (*Id.* at ¶ 20.) She also alleges "the ASME standard requires that a toilet support at least 500 lbs." (*Id.* at ¶ 21(b).)

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Based on the allegations set forth in Causey's complaint, the Court finds she has failed to state a claim upon which relief may be granted. "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1177 (11th Cir. 2020). Under maritime law, a shipowner owes a passenger a duty of ordinary reasonable care under the circumstances. *Id.* at 1322; *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). Accordingly, "[a] cruise line is not liable to passengers as an insurer, but instead is liable to passengers only for its negligence." *Tesoriero*, 965 F.3d at 1178. To establish a maritime negligence claim, a cruise passenger must establish "(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Id.* With respect to the scope of a cruise ship's duty to its passengers, the standard of ordinary reasonable care under the circumstances requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least so long as the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* "Liability for a cruise ship operator thus hinges on whether it knew or should have known about the dangerous condition." *Id.*

Here, Causey has failed to allege facts showing that Royal Caribbean either knew or should have known about the dangerous condition of the toilet. Causey does not allege that Royal Caribbean had actual notice that the toilet was dangerous. Nor does she allege facts showing that Royal Caribbean had constructive notice of the dangerous condition. For example, she fails to allege facts showing that either a "defective condition existed for a sufficient period of time to invite corrective measures" or that "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* at 1178–79. Indeed, "constructive notice of a

risk cannot be imputed merely because a shipowner created or maintained the premises." *Id*. at 1179.

Because of this deficiency, the Court finds Causey has failed to state a claim upon which relief may be granted. The Court, therefore, dismisses her complaint, but without prejudice and with leave to amend. To the extent Causey believes she can address the deficiencies in her complaint, she must file an amended complaint, consistent with this order, on or before **October 15, 2020**. Causey is forewarned that if she fails to comply with this order, her complaint will be dismissed with prejudice.

Additionally, the Court notes Causey has not alleged facts establishing the Court's diversity jurisdiction. Accordingly, this case will proceed under the Court's admiralty jurisdiction unless, in her amended complaint, Causey alleges facts establishing the diversity of the parties.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions are **denied as moot**.

The Court directs the Clerk to **mail** a copy of this order to the Plaintiff at the address indicated below.

**Done and ordered**, at Miami, Florida, on September 24, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
Darlene Causey
4538 Stemway Dr.
New Orleans, LA 70126